IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| CENTER FOR COALFIELD JUSTICE,<br><br>   Plaintiff,<br><br>         v.<br><br>W.G. TOMKO, INC.,<br><br>   Defendant | Civil Action No. 2:25-cv-328 |

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

1. This is a citizen suit for declaratory and injunctive relief against Defendant W.G. Tomko, Inc. (Tomko) for violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1388 (Clean Water Act or CWA), and the Pennsylvania Clean Streams Law, 35 P.S. §§ 691.1–691.1001 (CSL).

2. Plaintiff Center for Coalfield Justice (CCJ) brings this suit pursuant to the citizen suit provisions of the CWA, 33 U.S.C. § 1365(a), and the CSL, 35 P.S. § 691.601(c).

3. Plaintiff seeks a declaratory judgment, injunctive relief, civil penalties, and the award of costs, including attorneys' and expert witness' fees, for Defendant's violation of the conditions and limitations in its Pennsylvania National Pollution Discharge Elimination System (NPDES) Permit No. PA0255858 at its facility in Union Township, Washington County, Pennsylvania (the Tomko Facility).

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and under 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over the Pennsylvania Clean Streams Law claims because they form part of the same case or controversy under 28 U.S.C. § 1367(a).

6. On November 15, 2024, Plaintiff sent notice of the violations of Tomko's NPDES permit and its intent to file suit to the Administrator of the United States Environmental Protection Agency (EPA), to the Regional Administrator of EPA's Region 3 Office, to the Pennsylvania Department of Environmental Protection (DEP), and to the Defendant, as required by Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), and Section 601 of the CSL, 35 P.S. § 691.601(e). *See* Exhibit A.

7. More than sixty days have passed since notice of the violation was served and neither the State of Pennsylvania nor EPA has commenced or is diligently prosecuting a civil or criminal action to redress the violations alleged in this complaint.

8. Venue is appropriate in the Western District of Pennsylvania pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this District in Union Township, Washington County, Pennsylvania.

## PARTIES

9. Plaintiff Center for Coalfield Justice (CCJ) is a nonprofit corporation incorporated in Pennsylvania and based in Washington County.

10. CCJ is a "person" as defined by the CWA, 33 U.S.C. § 1362(5), and the CSL, 35 P.S. § 691.1.

11. CCJ is dedicated to protecting the public and environmental health of Washington and Greene counties in order to maintain healthy air and water and healthy natural ecosystems for its members and all residents of those counties and the rest of western Pennsylvania.

12. CCJ's concerns encompass the use and protection of the waters and ecosystems of Washington County and the Monongahela Valley. CCJ and its members are interested in the health of the natural environment and in the use of clean water in the entire Monongahela watershed, including the streams impacted by discharges from Tomko's facility.

13. CCJ members, including Darla Savko, use, enjoy, and benefit from the water quality in the waters and watersheds affected by discharges from Tomko's facility.

14. DEP has identified the Peter's Creek watershed in Washington and Allegheny counties as impaired by high levels of metals and has developed Total Maximum Daily Loads (TMDLs) for various pollutants under Section 303(d) of the CWA, 33 U.S.C. § 1313(d), in order to remediate the watershed for the support of aquatic life.

15. Tomko's NPDES permit was created to align with the Peter's Creek TMDL. By violating its permit, Tomko is hindering the remediation of the watershed and contributing to its continued impairment.

16. Tomko's unlawful discharges adversely affect the environmental, aesthetic, and recreational interests of CCJ's members. If those unlawful discharges ceased as a result of relief ordered by this Court, then the harm to the interests of Plaintiff's members would be redressed. An injunction would redress Plaintiff's members' injuries by preventing future violations of the limits in Tomko's permit. Civil penalties would deter future violations.

17. Defendant W.G. Tomko, Inc. is a business corporation organized under Pennsylvania law, with a registered office in Union Township, Washington County, Pennsylvania.

18. Tomko is a "person" within the meaning of the CWA, 33 U.S.C. § 1362(5), and the CSL, 35 P.S. § 691.1.

## FACTS

19. Defendant Tomko owns and operates the Tomko Facility in Union Township, Washington County, Pennsylvania.

20. On information and belief, Tomko uses its Facility to conduct various aspects of its contracting business, including fabrication of supplies for construction projects as well as for oil and gas production facilities.

21. Upon information and belief, DEP was delegated authority from the United States Environmental Protection Agency under Section 402 of the CWA, 33 U.S.C. § 1342(b), to issue NPDES permits on June 30, 1978.

22. The Pennsylvania CSL authorizes DEP to issue NPDES permits in compliance with the CWA. 35 P.S. § 691.5(b)(5); 25 Pa. Code § 92a.1(a), (b).

23. Pursuant to the CWA and the Pennsylvania CSL, DEP issued NPDES Permit No. PA0255858 to Tomko to be effective from July 1, 2021 through June 30, 2026.

24. The NPDES permit allows Tomko to discharge limited quantities of pollutants from one outfall (Outfall 002) into an unnamed tributary to Peters Creek. Peters Creek subsequently flows into the Monongahela River. *See* Exhibit B.

25. Tomko is permitted to discharge non-polluting stormwater from three additional outfalls. *See* Exhibit B.

26. Tomko is permitted to discharge "earthwork process wastewaters and stormwater" as effluent from Outfall 002. *See* Exhibit B.

27. Tomko's permit requires it to report flow, pH levels, and average monthly and daily maximum concentrations of aluminum, dissolved iron, total iron, selenium, silver, and total residual chlorine measured at Outfall 002. As most relevant here, the permit imposes the following effluent limitations for discharges from Outfall 002:

    (a) 0.75 mg/L of aluminum, for both average monthly and daily maximum measurements;

    (b) 1.642 mg/L of total iron for average monthly measurements;

    (c) 2.562 mg/L of total iron for daily maximum measurements;

    (d) 5.46 μg/L of selenium for average monthly measurements;

    (e) 8.52 μg/L of selenium for daily maximum measurements; and

    (f) a maximum pH limit of 9.

    *See generally* Exhibit B.

28. Discharging pollutants in violation of a permit condition constitutes a violation of the CWA, 33 U.S.C. §§ 1311(a), 1342(k), and the CSL, 35 P.S. § 691.611.

29. Failure to adhere to a reporting requirement on a permit is also a violation of the CWA, 33 U.S.C. § 1342(k), and the CSL, 35 P.S. § 691.611.

30. The discharge monitoring reports Tomko submitted to DEP for the period from September 2021 through June 2024 reveal violations as outlined in the table in Exhibit C, which is incorporated by reference into this complaint as if fully set forth within.

31. A violation of a monthly average limitation is properly considered a violation for each day of that month. *See United States v. Allegheny Ludlum Corp.*, 366 F.3d 164, 169 (3d Cir. 2004).

32. Tomko's discharge monitoring reports therefore report 1,608 violations of its permit from September 2021 through June 2024.

## FIRST CLAIM FOR RELIEF:
## CLEAN WATER ACT VIOLATIONS

33. Plaintiffs incorporate by reference all allegations contained above in paragraphs 1 through 32.

34. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into the waters of the United States, unless the discharge complies with the terms of an NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342(a).

35. Section 505(a) of the CWA, 33 U.S.C. § 1365(a)(1)(A), authorizes citizens to bring suit for violation of any "effluent standard or limitation" under the CWA.

36. The CWA defines an "effluent standard or limitation" to include "permit[s] or condition[s] thereof." 33 U.S.C. § 1365(f)(6).

37. Both CCJ and Tomko are "person[s]" for purposes of the CWA. 33 U.S.C. § 1362(5).

38. The stream that receives discharges from Outfall 002 is a "water[ ] of the United States" under the Clean Water Act. 33 U.S.C. § 1362(7).

39. Outfall 002 is a "point source" within the meaning of the CWA. 33 U.S.C. § 1362(14).

40. Tomko must operate its facility pursuant to the conditions of its NPDES permit. 33 U.S.C. § 1342(k).

41. Tomko reported 1,608 violations of its NPDES permit from September 2021 through June 2024.

42. Tomko is subject to an injunction ordering it to cease its permit violations.

43. Pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. §§ 1319(d), 1365(a), Tomko is liable for civil penalties up to $66,712 per day for each violation that occurred after November 2, 2015. *See* 40 C.F.R. § 19.4.

44. Pursuant to Section 505(d) of the CWA, 33 U.S.C. § 1365(d), the Court "may award the costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

45. Tomko's violations of its NPDES Permit No. PA0255858 and the CWA are continuing and/or intermittent. The November 14, 2024 notice letter requested that Tomko advise CCJ if Tomko "has taken any steps to eradicate the underlying cause or causes of the above-described violations, or if [it] believes that anything in th[e] letter [wa]s inaccurate." Although Tomko acknowledged that it had received and read the notice letter, it has never advised CCJ of any efforts to address the underlying cause or causes of its permit violations.

46. Because of Tomko's consistent history of violating the terms and conditions of its NPDES permit, Plaintiff alleges that, without the imposition of appropriate civil penalties and the issuance of an injunction, Tomko will continue to violate NPDES Permit No. PA0255858.

### SECOND CLAIM FOR RELIEF:
### CLEAN STREAMS LAW VIOLATIONS

47. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 32 above.

48. Section 601 of the CSL, 35 P.S. § 691.601(c) authorizes citizens to bring suit for violation of a permit issued by DEP in order to "compel compliance" with the CSL.

49. Sections 611 of the CSL, 35 P.S. § 691.611, prohibits discharging pollution into the waters of the Commonwealth of Pennsylvania contrary to the terms of an NPDES permit issued by DEP. 25 Pa. Code § 92a.9.

50. Both CCJ and Tomko are "person[s]" for purposes of the CSL. 35 P.S. § 691.1.

51. The violations of Tomko's NPDES permit reported in its discharge monitoring reports are violations of the CSL. 35 P.S. § 691.611.

52. Pursuant to 35 P.S. § 691.601(g), the Court "may award costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."

53. Tomko's violations of its NPDES Permit No. PA0255858 and the CSL are continuing and/or intermittent. The November 14, 2024 notice letter requested that Tomko advise CCJ if Tomko "has taken any steps to eradicate the underlying cause or causes of the above-described violations, or if [it] believes that anything in th[e] letter [wa]s inaccurate."

Although Tomko responded to the notice letter, it has never advised CCJ of any efforts to address the underlying cause or causes of its permit violations.

54. Because of this extensive history of violations of the terms and conditions of Tomko's NPDES permit, Plaintiff alleges that without the imposition of an injunction, Tomko will continue to violate NPDES Permit No. PA0255858.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) declare Tomko to have violated and be in violation of the Clean Water Act, 33 U.S.C. §§ 1311 and 1342;

(B) declare Tomko to have violated and to be in violation of the Pennsylvania Clean Streams Law, 35 P.S. § 691.611;

(C) order Tomko to comply immediately with the terms and conditions of its NPDES permit as required by Sections 301(a) and 402(a) of the CWA, 33 U.S.C. §§ 1311(a), 1342(a), and Section 611 of the CSL, 35 P.S. § 691.611;

(D) order Tomko to pay appropriate civil penalties for each day of each violation of its NPDES permit pursuant to Sections 309(d) and 505(a) of CWA, 33 U.S.C. §§ 1319(d), 1365(a);

(E) order Tomko to pay Plaintiff's attorneys' fees, expert witness's fees, and all other reasonable costs and expenses incurred in the pursuit of this action; and

(F) grant such other relief as this Court deems appropriate.

Dated: March 5, 2025                    Respectfully submitted,

/s/ Evan Dimond Johns

**Evan Dimond Johns**
   (Pennsylvania ID No. 334608)
Appalachian Mountain Advocates
6101 Penn Avenue, Suite No. 201
Pittsburgh, Pennsylvania 15206
Telephone: (434) 738 – 1863
E-Mail: ejohns@appalmad.org

*Counsel for Center for Coalfield Justice*