**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CENTER FOR COALFIELD JUSTICE, <br><br>     Plaintiff, <br><br> v. <br><br> W.G. TOMKO, INC., <br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 2:25-cv-00328 |

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

AND NOW comes the Defendant, W.G. Tomko, Inc., by its undersigned counsel, and files

the within Motion to Dismiss Plaintiff's First Amended Complaint, as follows:

1.      Defendant W.G. Tomko, Inc. moves to dismiss Plaintiff Center for Coalfield

Justice's First Amended Complaint in its entirety for failure to state a claim upon which relief may

be granted.

2.      Plaintiff Center for Coalfield Justice's First Amended Complaint pleads two causes

of action, including: Count I, Clean Water Act Violations; Count II, Clean Streams Law Violations;

as well as corresponding demands for declaratory and injunctive relief against W.G. Tomko, Inc.

3.      These claims are deficient and must be dismissed with prejudice because Plaintiff

lacks standing to bring the action and Clean Water Act ("CWA") citizen suits are unconstitutional

under the law.

## LACK OF STANDING

4.      In order to demonstrate standing, "a plaintiff must show (1) it has suffered an 'injury

in fact' that is (a) concrete and particularized and (b) actual and imminent, not conjectured or

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

5.    Plaintiff has no standing to bring a citizen suit against Defendant because the First Amended Complaint does not allege an "injury in fact," but rather raises a conjectured or hypothetical injury based solely on "worry".

6.    Plaintiff's First Amended Complaint fails to allege any traceability between the alleged violations of the Pennsylvania National Pollution Discharge Elimination System Permit violations and any injury to Plaintiff; thus, it fails to meet the standing requirement of the Clean Water Act.

## THE CWA CITIZEN ACTION PROVISION IS UNCONSTITUTIONAL

7.    Citizen action provisions, including the provision in the CWA addressed in First Amended Complaint, are unconstitutional because it prevents the Executive Branch from employing prosecutorial discretion which violates the Executive Vesting Clause and the Take Care Clause.

8.    Plaintiff's attempt to wield executive power without the supervision of the Executive Branch, runs afoul of the private nondelegation doctrine, which is violated when a law "allows non-governmental entities to govern." *FCC v. Consumers' Research*, 145 S. Ct. 2482, 2510 (2025); thus, CWA's citizen suit provision violates the Constitution.

9.    In bringing a citizen action suit, CCJ is exercising a "significant authority" and in a "continuing position" that runs afoul of the Appointment Clause and is unconstitutional. *Lucia v. SEC*, 585 U.S. 237, 245 (2018). (An individual is an "officer" requiring appointment under the

Appointments Clause when he "exercises significant authority pursuant to the laws of the United States"; and "occupies a 'continuing' position established by law.").

10.    Consistent with Chamber Rules and Procedures, counsel for the parties have conferred in good faith to resolve whether any deficiencies may be cured by amendment.

WHEREFORE, Defendant W.G. Tomko, Inc. demands judgement in its favor and against Plaintiff Center for Coalfield Justice, and for any such further relief as this Court deems just and proper.

Dated: August 26, 2025                                        Respectfully submitted,


_/s/ Richard J. Cromer_
Richard J. Cromer, Esquire
PA ID  79214
Leech Tishman Fuscaldo & Lampl, LLC.
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219


_/s/ Steven M. Toprani_
Steven M. Toprani, Esquire
PA ID 93217
2559 State Route 88
Finleyville, PA 15332

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which is understood to have sent notification of such filing electronically to all counsel of record.

*/s/ Richard J. Cromer*

*/s/ Steven M. Toprani*